IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Stephen Cahn and Dennis
Pishock,

                  Plaintiffs,

v.

Gwinnett County Fire and
Emergency Services,

                  Defendant.

_____/

Case No. 1:16-cv-01974

Michael L. Brown
United States District Judge

## ORDER

Before the Court is Gwinnett County Fire and Emergency Services' Motion for Judgment on the Pleadings. (Dkt. 14).

## I. BACKGROUND

Plaintiffs are two firefighters currently or formerly employed by Defendant, Gwinnett County Fire and Emergency Services. Plaintiff Cahn was employed by Defendant for more than 29 years. Compl. ¶ 7. Plaintiff Pishock has been employed by Defendant for over 15 years and remained employed by Defendant at the time the lawsuit was filed. *Id.* at ¶ 10. On June 14, 2016, Plaintiffs filed their complaint alleging First

1

Amendment retaliation in connection with their attendance at the Gwinnett County Board of Commissioner's public budget proposal hearing in July 2014. *Id.* at ¶¶ 12, 14. Specifically, Plaintiffs allege that "as a result of [their] attendance at the Board meeting" (*id.* at ¶¶ 14(f), 14(n)), Defendant "harass[ed] Plaintiffs and alleg[ed] violations of workplace policies," as well as denied them promotional opportunities. *Id.* at ¶ 18-20. Plaintiffs seek lost wages and benefits associated with promotions and other work opportunities they were allegedly denied, compensatory damages, punitive damages, and reasonable attorney's fees. *Id.* at ¶ 21.

Defendant filed its answer and then a motion to dismiss on the same day. (Dkts. 4, 5). The Court denied the motion to dismiss because it was filed after the responsive pleading, but noted that "a re-filed motion for judgment on the pleadings would not delay trial in any meaningful respect and would afford Plaintiffs a proper opportunity to respond to Defendant's arguments." Dkt. 12 at 2. On March 17, 2017, Defendant filed the instant motion for judgment on the pleadings.

## II.   STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings," pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal quotation omitted). Thus, the standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss." *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992).

When considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274,

1282 (N.D. Ga. 2011) (internal quotation omitted). A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. DISCUSSION

#### A. Plaintiffs have failed to state a claim for First Amendment retaliation.

To state a First Amendment retaliation claim, a plaintiff must allege three elements: "first, that [plaintiff's] speech or act was constitutionally protected; second, that the [government actor's] retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory action and the adverse effect on speech." *Abella v. Simon*, 522 F. App'x 872, 874 (11th Cir. 2013) (quoting *Bennett v. Hendrix,* 423 F.3d 1247, 1250 (11th Cir.2005)).

The complaint alleges that Plaintiffs "attended the Gwinnett County Board of Commissioner's public budget proposal hearing; accompanied by fourteen (14) other uniformed firefighters." Dkt. 1 at ¶ 12. And, "[d]uring the meeting, Plaintiffs neither interacted with the

4

Board of Commissioners nor interrupted the functioning of the Board's discussions." *Id.* at ¶ 13. Plaintiffs then allege that "[f]ollowing attendance of the Board meeting," they began to experience workplace hostility. *Id.* at ¶ 14. Accordingly, the Complaint alleges that it was Plaintiffs' attendance at the county commission meeting that triggered Defendants' alleged retaliatory actions. *See id.*; *see also id.* at ¶ 14(n) ("Plaintiff has continuously experienced frequent, and unwarranted, corrective actions…**as a result of his attendance at the Board meeting**.") (emphasis added). But, Plaintiffs have not sufficiently alleged the first element of a retaliation claim — that their attendance at the county board of commissioner's meeting implicated constitutionally protected speech or acts.

"In determining whether a public employee's speech is entitled to constitutional protection, we must first ask 'whether the employee spoke as a citizen on a matter of public concern [as opposed to speaking in his role as a public employee]. If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech.'" *Battle v. Bd. of Regents for Georgia*, 468 F.3d 755, 760 (11th Cir. 2006) (citing *Garcetti v. Ceballos,* 547 U.S. 410, 421

(2006) (internal citations omitted)). Even statements made outside the scope of an employee's job duties may be unprotected by the First Amendment "if they are made in the role of an employee and not as 'citizens who do not work for the government.'" *Edwards v. Gwinnett Cty. Pub. Sch.*, No. 1:11-CV-2581-TWT, 2012 WL 12835877, at *2 (N.D. Ga. Feb. 23, 2012) (quoting *Akins v. Fulton Cnty., Georgia*, 278 Fed. Appx. 964, 971 (11th Cir. 2008)).

Here, Plaintiffs do not allege that they attended the meeting or engaged in protected speech in their capacities as citizens, rather than as public employees. Nor do they plead facts to plausibly suggest that they attended the meeting in their capacities as citizens. There are no allegations about whether Plaintiffs attended the meeting while on-duty or off-duty. *See, e.g.*, *Cox v. Kaelin*, 577 F. App'x 306, 311 (5th Cir. 2014) (public employee spoke as citizen where employee "specifically pleaded that he never discussed his involvement with the PAC or the upcoming election during work hours"); *Beyer v. Borough*, 428 F. App'x 149, 153 (3d Cir. 2011) (Plaintiff "alleged facts that he was speaking as a citizen, rather than as a public employee," including having conducted hours of research "on his time, rather than pursuant to his duties as a

police officer" and having "posted pseudonymously on an internet site and not pursuant to his duties as a police officer."). There are no allegations about whether Plaintiffs were or were not instructed by their supervisors to attend the meeting as part of their official duties. There are no allegations about how Plaintiffs traveled to the meeting, whether by driving in their personal cars or in a government vehicle. There are also no allegations about Plaintiffs' purpose for attending the meeting, or more specifically, Plaintiffs' intent to convey a certain message or engage in certain expressive speech or conduct at the meeting. There are simply no factual allegations regarding Plaintiffs' conduct before, during, or after the meeting to permit any plausible inference that they attended the meeting or spoke as citizens; Plaintiffs allege only that they attended the meeting and did not speak at it. Dkt. at ¶¶ 13, 14. This is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs did not sufficiently allege that they engaged in protected speech for purposes of stating a First Amendment retaliation claim. *See Battle*, 468 F.3d at 760; *Garcetti,* 547 U.S. at 421.

Accordingly, the Court need not evaluate whether or not Plaintiffs have sufficiently alleged the other elements of a First Amendment claim.

### B. The constitutionality of workplace uniform policies is not at issue.

The Court notes that Defendant focuses its motion not on whether Plaintiffs had a First Amendment right to attend the county commissioner's meeting, but on a slightly different issue—whether or not Plaintiffs had a First Amendment right to wear their firefighter uniforms to community meetings in violation of a workplace policy. *See, e.g.*, Dkt. 14-1 at 3 (discussing case law that purportedly stands for the proposition that "wearing a paramilitary uniform might not even implicate a First Amendment interest"). Defendant provides a thorough analysis of cases scrutinizing the constitutionality of policies regulating conduct and appearance of paramilitary officers, including at least one case concerning a policy prohibiting off-duty officers from wearing their uniforms at board of commissioner's meetings. *See Local 491 I.B.O.P. v. Gwinnett County*, 510 F. Supp. 2d 1271 (N.D. Ga. 2007); *see also* Dkt. 14-1 at 3-11. But, nothing in the complaint suggests that the uniform issue is before the Court at this stage in the litigation, or at all.

First, there is no allegation that Gwinnett County Fire and Emergency Services maintains or enforces any workplace policy about uniforms and where firefighters may or may not wear them. Second, it is not clear from the face of the complaint that Plaintiffs wore their uniforms to the meeting. Rather, the complaint alleges only that Plaintiffs — without any description about *their* specific attire — were accompanied by "other uniformed firefighters."[1]  Compl. at ¶ 12.

And, to the extent paragraph twelve of the complaint is construed to suggest that Plaintiffs attended the meeting in uniform, that fact — absent any allegations that Plaintiffs were off-duty — bolsters the Court's finding that the Plaintiffs did not allege that they acted or spoke as citizens, and thus, that they engaged in protected speech.  It is natural and reasonable to interpret a fireman, or group of firemen, attending a county meeting in their firefighter uniforms as attending the meeting in their role as public employees.

The Court finds no reason to opine here on whether any hypothetical workplace policy restricting use of a firefighter uniform

---

[1] Defendants cite to paragraph 12 of the complaint in their motion for the proposition that "Plaintiffs attended the Board meeting in uniform." Dkt. 14-1 at 2.  But, the Court disagrees with that reading.

would or would not survive constitutional muster. The pleadings do not raise that issue or introduce any such policy, and the Court need only address the pleadings at this stage.

## IV.   CONCLUSION

Accordingly, the motion for judgment on the pleadings (Dkt. 14) is hereby **GRANTED**, and Plaintiffs' complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 10, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE